UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

_____ )
UNITED STATES OF AMERICA        )
                                )
v.                              )    Criminal Case No.:
                                )    4:19 CR 47
LAGARRIS ALEXANDER PEACE        )
_____ )
                                     October 13, 2020

COMPLETE TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE DAVID J. NOVAK
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

Peter G. Osyf, Esquire
OFFICE OF THE UNITED STATES ATTORNEY
721 Lakefront Commons
Suite 300
Newport News, Virginia 23606

        Counsel on behalf of the United States


Christian Lee Connell, Esquire
Christian L. Connell, P.C.
555 East Main Street
Suite 1102
Norfolk, Virginia 23510

        Counsel on behalf of the Defendant


TRACY J. STROH, RPR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT

1          (The proceeding commenced at 11:03 a.m.)

2          THE CLERK:  Criminal matter 4:19 CR 47,

3   Defendant 30, the *United States of America v. Lagarris*

4   *Alexander Peace*.

5          Mr. Peace is being represented by Christian L.

6   Connell.  Government being represented by Peter G. Osyf.

7          Counsel, are we ready to proceed?

8          MR. OSYF:  The United States is ready.  Good

9   morning, Your Honor.

10          THE COURT:  Good morning.

11          MR. CONNELL:  Good morning.  We are, Your Honor.

12          THE COURT:  Okay.  So here's what we're going to

13   do on the masks.  I'm going to ask you to keep your mask

14   on when you speak.  Just speak loud enough that the court

15   reporter can hear you.  If for some reason that's not

16   working, we're going to go to taking the mask off so she

17   can hear you.  Okay?

18          As I understand it, the government had no

19   objections to the presentence report; is that right?

20          MR. OSYF:  That's correct, Your Honor.

21          THE COURT:  All right.  And -- and, Mr. Connell,

22   am I right to believe that the defense had no objections,

23   then, as well?

24          MR. CONNELL:  That is correct, Your Honor.  I

25   think there was a date that may have been erroneous, and I

1  conferred with the probation officer about that.  I

2  thought they had corrected it.

3          THE COURT:  Okay.  All right.

4          MR. CONNELL:  But it had no impact on the

5  guidelines or his criminal history or anything.

6          THE COURT:  All right.  That's fine.

7          We're going to have Mr. Peace rise.

8          Sir -- just rise real quick.

9          Sir, you'll recall that the magistrate judge

10 entered a presentence report to be completed for you.  Did

11 Mr. Connell bring that report to you?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Did he go over it with you?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Did you have any changes or

16 corrections that you want to make to the presentence

17 report?

18         THE DEFENDANT:  No, sir.

19         THE COURT:  Okay.  All right.  We'll adopt that,

20 then.  You can have a seat.

21         Mr. Connell, I will ask you, the magistrate

22 judge also accepted the guilty plea.  Is there any reason

23 why I should not adopt the magistrate judge's finding of

24 guilt?

25         MR. CONNELL:  No, Your Honor.

1          THE COURT:  All right.  Then I will adopt the

2   finding of guilt in ECF No. 1000.

3          And I should have asked, Mr. Connell, did you

4   also go over the standard conditions of supervision with

5   your client that are set forth in the presentence report?

6          MR. CONNELL:  Your Honor, I -- not in great

7   detail.  We discussed supervision.  He actually is on --

8   he was on criminal supervision in North Carolina at the

9   time.  So he has a little more familiarity than he

10  probably otherwise should.  So I have gone over it but not

11  in great detail, but --

12         THE COURT:  Well, they're set forth in the

13  presentence report.

14         MR. CONNELL:  Yes, sir.

15         THE COURT:  Did you give him the presentence

16  report?

17         MR. CONNELL:  Yes, sir.  I've been through that

18  thoroughly.  But we focused more on the sentencing

19  guidelines, potential sentence and background information,

20  a little less on the supervision.

21         THE COURT:  Well, do you want to ask him

22  right -- does he have any questions or --

23         MR. CONNELL:  He has no questions, Your Honor.

24         THE COURT:  Mr. Peace, did you have any --

25  Mr. Peace, do you want to rise?

1        Mr. Peace, in the presentence report were our

2   standard conditions of supervision.  Did you review those

3   with your lawyer?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Did you understand them?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Did you have enough time to go over

8   them?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Did you have any questions about

11  them at all for me?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  All right.  You can have a seat,

14  then.

15          All right.  So we're going to adopt the

16  guideline range.  The presentence report -- the

17  presentence report provided for a Criminal History

18  Category IV, an offense level 27.

19          Now, I've applied a variance that I refer to as

20  the Novak Coronavirus Variance of a one level reduction in

21  favor of the defendant.  I've done that for all defendants

22  who have pled guilty promptly in light of the pandemic due

23  to the resources that it saves the Court in these very

24  unique times.

25          Even though the defendant pled guilty in front

1  of the magistrate judge in this case, to make sure there's

2  no disparities, I'm going award him that extra level of

3  variance as well.  That reduces the offense level from a

4  level 27 to a level 26, for a guideline range of 92 to

5  115 months.  However, it is restricted by the mandatory

6  minimum of 120 months.  It seems like you're both in

7  agreement as to that.

8         Mr. Osyf, did you want to say anything else

9  other than what's in your papers?

10        MR. OSYF:  No, Your Honor.

11        THE COURT:  All right.  Mr. Connell, do you want

12 to go over with your client, then, to the lectern?  And

13 then I'll give you both a chance to be heard.

14        All right.  This is your opportunity,

15 Mr. Connell, to argue on behalf of your client.  It seems

16 to me you're both in agreement on the 120 months.  But if

17 there's anything you want to say on behalf of your client,

18 now is the time.

19        MR. CONNELL:  I'll begin with -- I'm a little

20 older now, and the way I practice -- I was introduced to

21 the practice -- I'm now 57.  I first would just like to

22 say hello --

23        THE COURT:  Okay.

24        MR. CONNELL:  -- Judge Novak.  I haven't been

25 before you before.

1          THE COURT:  All right.

2          MR. CONNELL:  It's a pleasure.

3          THE COURT:  It's my pleasure as well.

4          MR. CONNELL:  It's nice to be in front of you.

5          THE COURT:  And I'll be seeing you again --

6          MR. CONNELL:  Yes, sir.

7          THE COURT:  -- because this is a long-term

8  situation I think for me, at least for a while.

9          MR. CONNELL:  Well --

10          THE COURT:  So I think you -- all of you are

11  stuck with me here for a while.

12          MR. CONNELL:  Yes, sir.  But I just wanted to do

13  that.  That's how I was introduced to the practice.  I

14  sort of try to continue that practice.

15          THE COURT:  That's fine.

16          MR. CONNELL:  I'm not -- at this point in my

17  career, I don't believe I want to argue myself into a

18  difficult position.  I think the Court is familiar with

19  our position in our sentencing paper.

20          I would just say that the mandatory minimum now

21  exceeds what the Court's recommended guidelines are -- or

22  the probation officer's recommended guidelines, and I will

23  just leave it at that.

24          THE COURT:  Well, I intend to give the mandatory

25  minimum.  But I wanted to ask you one question.

1              MR. CONNELL:  Yes, sir.

2              THE COURT:  I want to give you a chance to be

3    heard on this, and that's this.  So he is under

4    supervision down in Vance County, North Carolina; is that

5    right?

6              MR. CONNELL:  That's correct, Your Honor.

7              THE COURT:  Does he face come-back time there?

8              MR. CONNELL:  Yes, sir.

9              THE COURT:  So it is my policy, in that

10   situation, to make this sentence consecutive to any

11   sentence that he may receive in the state system.  There's

12   a Supreme Court case, *Setser v. United States*, that says

13   that.  But before I do it, I want to give you a chance to

14   be heard on that.

15             MR. CONNELL:  What he tells me is -- and I'm

16   mistaken, then.  He says that his time, actually, in

17   North Carolina, he's already served the time and his time

18   will be up.  So I guess what he's telling me, in effect,

19   is he's not going to face come-back time.

20             THE COURT:  Well, that's good.  So I'm going to

21   make it consecutive, but if there's no time --

22             MR. CONNELL:  Yes, sir.

23             THE COURT:  -- he doesn't have to worry about

24   it.  So I'll accept what he's saying, but as a policy,

25   that's the way I do it because I don't believe in buy one

1  get one free here.

2          MR. CONNELL:  Yes, sir.

3          THE COURT:  Okay.  Is there anything else you

4  wanted to say?

5          MR. CONNELL:  Nothing, Your Honor.

6          THE COURT:  All right.  Mr. Peace, this is your

7  opportunity to say anything you want to me before I impose

8  sentence.

9          THE DEFENDANT:  I'm just here accepting

10  responsibility as a man and apologize to my family and

11  government for being here today.

12          THE COURT:  All right.  You know, you're only

13  27 years old.

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  You're a really young guy to have

16  the record that you have.  You have a voluntary

17  manslaughter conviction.  I understand that there was some

18  explanation on that, but still, that's significant.

19  You've got a prior drug offense.  You've got this pending

20  probation violation we just spoke about.  And the most

21  disturbing thing maybe is I understand you've never held

22  an honest job.  Is that right?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Why is that?

25          THE DEFENDANT:  I can't answer that, sir.

1          THE COURT:  Well, I'm going to tell you, you

2     know, when you get out, you're going to be under my

3     supervision for a substantial period of time.  And I'm

4     going to tell you, unless God takes me, I'm still going to

5     be sitting here.  And while I'm going to give you the

6     mandatory minimum today, if you come back and you have any

7     violation while you're under my supervision, I'm going to

8     give you every possible day that I can.  Are we clear?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  And one of the requirements is

11     you're going to have a job.  Working for a living is how

12     you survive.  You don't live off your mom, and you don't

13     sell drugs.  You work.  That's how normal people live

14     their lives.  And I can assure you you're going to do that

15     or you're going to go back to jail.  Are we clear on that?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  All right.  Anything else you want

18     to say?

19          MR. CONNELL:  No, Your Honor.

20          THE COURT:  All right.  I've considered the

21     factors in Section 3553(a) of Title 18, beginning,

22     number (1), with the nature and circumstances of the

23     offense and the history and characteristics of the

24     defendant.  This is a serious drug conspiracy in which the

25     defendant was a significant player in the conspiracy.  He

1  got his cousin, Cory Bullock, to introduce him to the main

2  guy, Ramirez-Barreto, and then distributed significant

3  amounts of heroin in Henderson, North Carolina.  As noted

4  also, the defendant committed the offense while under

5  supervision for another drug offense, which is certainly

6  alarming.  His criminal history is atrocious at the age

7  of 27, as I mentioned, the prior convictions, and he's

8  never been gainfully employed, which is also a strike

9  against him.

10         Number (2), the need for the sentence imposed to

11  reflect the seriousness of the offense, to promote respect

12  for the law, and to provide just punishment for the

13  offense, and to afford adequate deterrence to criminal

14  conduct.  I think imposing a ten-year sentence here does

15  that.

16         To protect the public from future crimes of the

17  defendant, and to provide him with needed educational or

18  vocational, medical care, or other correctional treatment

19  in the most effective manner.  A lengthy sentence

20  certainly does that.  But as I said, he's going to be

21  under supervision for a substantial period of time with

22  me, and if he has any drama, he's going to go to jail for

23  an extremely long time.

24         I've also considered the other factors, (3),

25  (4), which address the types of sentences available.

1    Well, this provides for a mandatory minimum sentence of

2    incarceration.  So that's what has to be imposed.

3    As well as number (5), any pertinent policy

4    statements.  There is an enormous amount of policy

5    statements about the impact of drugs in our community

6    that's appropriate here.

7    Number (6), to avoid unwarranted sentencing

8    disparities amongst defendants with similar records who

9    have been found guilty of similar conduct.  I've looked at

10    the sentences of all the co-defendants here.  I've also

11    applied the coronavirus variance to the defendant to make

12    sure he was treated equally with everybody else.  So I

13    think I've complied with that.

14    So -- so pursuant to the Sentencing Reform Act

15    of 1984, it is the judgment of the Court that the

16    defendant, Lagarris Alexander Peace, is hereby committed

17    to the custody of the United States Bureau of Prisons, to

18    be imprisoned for a term of 120 months.  He is hereby

19    remanded to the custody of the United States Marshal to

20    begin serving his sentence.

21    He shall receive credit for time served since he

22    was initially arrested.  And I believe that was May 20th

23    of 2019.

24    Am I right about that, Mr. Osyf?

25    MR. OSYF:  Yes.  I believe that's correct,

1  Your Honor.

2        THE COURT: So time served since May 20th of

3  2019.

4        The sentence shall be served consecutive to any

5  sentence that he could possibly receive for the pending

6  probation violation -- probation violation in Vance

7  County, North Carolina. He says he's not facing any more

8  time, but if he is, any sentence that he receives here

9  shall be consecutive to any sentence he receives in

10 North Carolina, pursuant to *Setser v. United States*.

11       Upon release from imprisonment, the defendant

12 shall be placed on a term of supervised release for

13 ten years. Within 72 hours of release from custody of the

14 Bureau of Prisons, the defendant shall report in person to

15 the probation office in the district in which the

16 defendant is released.

17       The defendant shall refrain from any unlawful

18 use of a controlled substance and shall submit to one drug

19 test within 15 days -- within 15 days after beginning his

20 term of supervised release, and at least two periodic drug

21 tests thereafter as directed by the probation officer.

22       While on supervision, the defendant shall not

23 commit another federal, state or local crime, and shall

24 not unlawfully possess a controlled substance, and shall

25 not possess a firearm or destructive device.

1    The defendant shall comply with the standard
2  conditions that have been adopted by this Court, to which
3  none have been objected to.

4    In addition to the standard conditions, he shall
5  also comply with the following additional conditions:  The
6  defendant shall learn a vocational skill during his period
7  of supervision if not employed full time.  I'm going to
8  require that he is -- beginning 60 days after his release,
9  he is to work or perform community service at a minimum of
10 30 hours per week.  During the entire time of his
11 supervision, at least 30 hours.  So if he gets a job and
12 he's employed, that's great.  Got to be at least 30 hours.
13 Anything less than 30 hours, he has to do community
14 service to make it up.

15    The defendant shall -- if the defendant tests
16 positive for a controlled substance, he shall participate
17 in a program approved by the probation office for
18 substance abuse.  The program may include residential
19 treatment and testing to determine whether the defendant
20 has reverted to the use of drugs or alcohol, with partial
21 costs to be paid by the defendant, all as directed by the
22 probation officer.

23    The defendant shall waive all rights of
24 confidentiality regarding substance abuse treatment in
25 order to allow the release of information to the probation

1  office and to authorize communication between the

2  probation officer and the treatment provider.

3         I've considered his lifestyle, his net worth,

4  his lack of liquid assets, his financial needs, and his

5  earning potential.  I find he's not capable of paying a

6  fine.  Therefore, no fine will be imposed.

7         I'm required, however, to impose a special

8  assessment in the amount of $100.  There is -- restitution

9  is not applicable here, as I said.  No fine will be

10  imposed.

11        There was no forfeiture; is that right?

12        MR. OSYF:  That's correct, Your Honor.

13        THE COURT:  All right.

14        As to the $100 special assessment, that shall be

15  due and payable immediately.  Any balance unpaid of the

16  special assessment at the inception of supervision shall

17  be paid by the defendant in installments of not less than

18  $50 a month until paid in full and shall also begin

19  60 days after supervision begins.  Any special assessment

20  payments may be subject to penalties for default and

21  delinquency.  Nothing in this order shall prohibit the

22  collection of the special assessment.

23        All right.  So -- so, Mr. Peace, so you're going

24  to be under my supervision now for ten years after you get

25  out of jail.  So you've got to do a ten-year sentence.

1 And then after that, you're going to do ten years on my

2 supervision.

3          While you're under my supervision, as you heard

4 me say, you're going to work.  You're either going to work

5 at least 30 hours a week.  If you don't have a job, you're

6 going to do community service, but you're going to do

7 something.  Now, if it were me, I'd want to get paid for

8 it, but that's up to you.  Because if you don't want to

9 get paid for it, you'll do it for free.  That's community

10 service.  But you are going to work.  And if you don't,

11 that's going to be a specific violation of my conditions

12 of supervision and I'm going to put you back in jail.

13          Are we on the same page on that?  Is that a yes?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  All right.  You have 14 days from

16 today's date to appeal the sentence of the Court.  If you

17 want to appeal, it must be in writing, and Mr. Connell

18 will do it for you.  Do you understand that?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  All right.

21          Mr. Connell, do you have anything else?

22          MR. CONNELL:  No, Your Honor.

23          THE COURT:  Mr. Osyf, do you have anything else?

24          MR. OSYF:  No, Judge.

25          THE COURT:  All right.  Mr. Peace, I wish you

1  well with the service of your sentence.  Good luck.

2          THE CSO:  All rise.

3          THE CLERK:  Peter, did you dismiss the remaining

4  counts?

5          MR. OSYF:  Oh, I'm sorry.

6          Your Honor, there is one more thing from the

7  government.

8          THE COURT:  Hold on a second.

9          MR. OSYF:  The government moves to dismiss the

10  remaining counts against Mr. Peace.

11          THE COURT:  That's granted.

12          MR. OSYF:  Thank you.

13          THE COURT:  Okay.

14          (The proceeding concluded at 11:19 a.m.)

15               REPORTER'S CERTIFICATE

16    I, Tracy J. Stroh, OCR, RPR, Notary Public in and for

17  the Commonwealth of Virginia at large, and whose

18  commission expires September 30, 2023, Notary Registration

19  Number 7108255, do hereby certify that the pages contained

20  herein accurately reflect the stenographic notes taken by

21  me, to the best of my ability, in the above-styled action.

22    Given under my hand this 8th day of November 2021.

23

                        /s/

24               Tracy J. Stroh, RPR

25