United States of America

v.

HERNANDEZ, IVAN B.

Case No: 4:19CR00047-2(DJN)

MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. 3582

FILED
FEB - 8 2024
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Comes now, Ivan B. Hernandez, Pro-Se defendant and for his motion for sentence reduction under 18 U.S.C. 3582 and states as follows:

BACKGROUND

1. Ivan B. Hernandez is currently incarcerated at FCI Mendota

2. Ivan B. Hernandez pleaded guilty to 1 count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin

3. Ivan B. Hernandez was sentenced to 114 months imprisonment followed by 10 years of supervised release

3. Ivan B. Hernandez qualifies for FSA credit and is currently receiving 15 days off for every 30 days of programming

4. Ivan B. Hernandez has been actively working towards rehabilitation and has already completed numerous courses and programming while incarcerated.

LEGAL STANDARD

On April 5, 2023 and August 24th, 2023, the U.S. Sentencing Commission voted on a number of changes to the U.S. Sentencing Guidelines under 4C1.1 it provides that defendants with qualifying criminal history receives a 2 - level decrease made retroactive as of November 1st 2023.

In accordance, Ivan B. Hernandez:

1. Did not receive a terrorism adjustment under 3A1.4
2. Did not use violence or threats of violence in offense
3. Did not commit an offense resulting in death or serious bodily injury or sex offense
4. Did not personally cause substantial hardship
5. Did not possess a gun or other dangerous weapon or get someone else to do so
6. Did not commit an offense involving individual rights or;
7. Did not receive a 3B1.1 role adjustment

Further, the Commission is required by 28 U.S.C. 944(a)(2) to develop general policy statement regarding application of the guidelines or other aspects of sentencing that in the view of the Commission would further the purposes of sentencing 18 U.S.C. 3582(c). In doing so, the Commission is authorized and required by 28 U.S.C. 994(t) to "describe what should be considered extraordinary and compelling reasons for sentencing reduction, including criteria to be applied and a list of specific examples." This policy statement implements 28 U.S.C. 994 (a)(2) and (t).

3553 ANALYSIS

Further the factors set forth in 18 U.S.C. Section 3553(a) mandates that when determining a defendant's sentence, the court must "impose a sentence sufficient, but not greater than necessary" by considering the following:

1. The nature and circumstances of the offense and the history and characteristics of the defendant
2. The need for sentence imposed:
(A): To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense
(B): To afford adequate deterrence to criminal conduct
(C): To protect the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
3. The kinds of sentences available
4. The kinds of sentence and the sentencing range established for the applicable category of offense commited established for the applicable category of offense commited by the applicable category of the defendant as set forth in the guidelines.
5. Any pertinent policy statement issued by the Sentencing Commission
6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct and
7. The need to provide restitution to any victims of the offense

5. Whereas defendant acknowledges the nature and circumstances of the offense were serious. Defendant engaged in a conspiracy to distribute cocaine and heroin. At the same time, the conduct ended over 4 years ago. The offense did not involve violence, bodily injury, or other dangerous weapons. Defendant was not the leader of the conspiracy and did not receive a large sum of the proceeds. On balance this factor does not weigh against the defendant.

6. Defendant's history and characteristics are positive:

a. On all accounts, defendant was a loving and caring father to his past son
b. Defendant is in a stable relationship with his wife
b. Defendant has a lengthy work history
c. Defendant has a promising release plan upon returning to society

7. Moreover, as demonstrated in defendant's letter, he shows remorse for his crimes. This shows substantial post offense rehibilitation. United States v. Rengifo 569 F. Supp 3d 180,195 (S.D.N.Y. 2021), "The relevance of rehibilitation to a motion for a sentence reduction is not whether the defendant's motivations were saintly, what matters is whether he has demonstrated a record of maturation and rehabilitation that makes it unlikely he will pose a future risk to public safety and likely he will contribute productive to society instead of returning to criminal activity."

8. The court previously determined that a term of incerceration was appropriate to account for the need "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence," "and protect the public." Defendant is not asking the court to reconsider that determination. Point is merely, that given the changes by the United States Sentencing Commission, a reduction of sentence under 4C1.1 is warranted.

To this end:

a. This is further confirmed by defendant's exemplary behavior in custody with minimal disciplinary actions.
b. He is actively participating in First Step Act programming
c. He maintains prison employment and receives satisfactory performance reviews
d. BOP scores defendant as "low risk" recidivism
e. Due to all of the above, the court should conclude that the defendant's risk to the community is therefore limited Rengifo, 569 F. Supp 3d. at 195 "finding excellent disciplinary record weighed in favor of granting his motion for sentencing modification."

9. Defendant's request is also consistent with Section 3553(a)(3)'s requirement that the court consider "the kinds of sentences available." In fact a modification of the existing term is clearly authorized under 4C1.1

10. Further, to the point of the need to avoid unwarranted sentence disparities, the U.S. Sentencing Commission on August 24th, 2023, made 4C1.1 amendment retroactive; and if there indeed exists sentence disparities, defendant's sentence reduction is warranted based on the unique facts of this case.

11. Thus Ivan B. Hernandez pleaded guilty of 1 count. The sentence reduction permited through United States Sentencing Guidelines 4C1.1 does reflect the seriousness of the crime and Mr. Hernandez is currently incarcerated at FCI Mendota.

12. Further, the BOP has scored defendant as a "low" risk riscidivism

13. Further, Ivan B. Hernandez has minimum disciplinary actions since being in BOP custody

14. Ivan B. Hernandez has minimum criminal history

15. Ivan B. Hernandez meets all criteria referenced above and is entitled to the retroactive 2 level decrease under 4C1.1

16. Ivan B. Hernandez judgement and sentence should be amended accordingly

WHEREFORE defendant Ivan B. Hernandez respectfully requests this court to grant his 2 level reduction under 4C1.1 and issue an amended judgement.

Respectfully submitted,

Ivan B. Hernandez
BOP Register Number: 78121112

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion for reduction of sentence under 18 U.S.C. 3582 was forwarded by regular U.S. mail to Department of Justice, 2100 Jamieson Ave, Alexandria, VA 22314, this 31 day of January, 2024.

Ivan B. Hernandez

Ivan B. Hernandez
BOP Inmate Number: 78121112